# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60448
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN DANDRE HEARN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-2-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ryan Dandre Hearn challenges the 90-month, above-guidelines sentence imposed following his guilty plea conviction of aiding and abetting the theft of firearms. Hearn contends that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a) and because the sentence was not adequately supported by the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60448

We review objections to the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). When the district court has imposed a sentence that varies from the guidelines range, reasonableness review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record indicates that the district court properly considered the arguments of counsel in mitigation of sentence, the advisory guidelines range, and the § 3553(a) factors. The 90-month sentence reflected Hearn's history and characteristics, the need to promote respect for the law, the need to protect the public and deter future crimes, and the need to avoid unwarranted sentencing discrepancies. The sentence imposed was reasonable under the totality of the circumstances. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Hearn's disagreement with the sentence and the district court's weighing of the § 3553(a) factors is insufficient to show that the court abused its discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.2008). Although the sentence was 49 months above the top of the advisory guidelines sentencing range, we have upheld variances considerably greater than the increase to Hearn's sentence. *E.g.*, *Brantley*, 537 F.3d at 349-50; *United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008).

AFFIRMED.